UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| WELLS, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:19-cv-340-JMH |
| v. | ) | |
| | ) | **MEMORANDUM** |
| KONE, INC., *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court on the Defendants' notice of removal [DE 1] and the Plaintiffs' motion to remand. [DE 5]. On April 25, 2019, Plaintiffs Roger and Carolyn Wells filed this action in Fayette Circuit Court against KONE, Inc. ("KONE"), KONE Elevators & Escalators of Louisville, Craig Lewis, Tony Dunsmore, and other unknown parties. [DE 1-1 at 2]. Defendants filed a notice of removal to federal court, alleging in part that Kentucky residents Lewis and Dunsmore were fraudulently joined to escape federal jurisdiction. [DE 1]. The Plaintiffs filed a motion to remand the case back to Fayette Circuit Court. [DE 5]. KONE filed a response [DE 6] and the motion is now ripe for the Court's review.

Because the Plaintiffs have at least a colorable claim against the non-diverse individual Defendants, the Court must remand this

case to Fayette Circuit Court for lack of subject-matter jurisdiction.

**A. Facts and Procedural History**

Plaintiffs filed this negligence action in Fayette Circuit Court to recover for injuries suffered when the couple fell down an escalator at Blue Grass Airport in Lexington, Kentucky. They charge that KONE, which had a contract to repair the escalator at issue, and the other Defendants named in the case failed to maintain and repair it. [DE 1-1 at 5]. They claim the lack of proper maintenance by KONE and its former employees led to a malfunction that caused the Plaintiffs to fall.

Plaintiffs Roger and Carolyn Wells are citizens of Perry County, Kentucky. [DE 1-1 at 3]. KONE is incorporated in Delaware and its principle place of business is in Illinois. [*Id*.]. Plaintiffs claim that "Kone Elevators & Escalators of Louisville" operates out of an office in Louisville, Kentucky, and that the two individual Defendants listed are Kentucky residents. [*Id*. at 3-4].

KONE filed a notice of removal in this Court on behalf of all Defendants. [DE 1]. The company alleged that the Louisville KONE entity is not an independent corporation, but a branch office of KONE's national corporation. [DE 1 at 2]. Second, KONE alleged that the Plaintiffs fraudulently joined the two individual

2

Defendants in an effort to defeat diversity jurisdiction in federal court. [*Id.* at 2-3].

After KONE filed its notice of removal, this Court asked the Plaintiffs to respond to the fraudulent-joinder allegation. [*See* DE 4]. Plaintiffs then filed the motion to remand [DE 5] and the Defendants responded. [DE 6].

## B. Discussion

The primary claim in this case is for negligence under Kentucky tort law and negligence per se based on Kentucky building-safety statutes. As a cause of action consisting entirely of state-law tort claims, KONE may only achieve federal subject-matter jurisdiction by proving that each party is diverse from the Kentucky Plaintiffs.

A case filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court.").

3

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The "statute has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). The burden of establishing diversity jurisdiction is on the removing party. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Plaintiffs admit they seek more than $75,000 in damages, thus meeting that element of diversity jurisdiction. [DE 5 at 3]. Next, the Court must address the claim that the individual defendants, Lewis and Dunsmore, were fraudulently joined to defeat diversity. The Plaintiffs argue that diversity does not exist because the two individually named defendants are Kentucky residents, are licensed to work on escalators in Kentucky, and did, at some point, work on escalators in Blue Grass Airport. [DE 5 at 4]. Dunsmore and Lewis worked in a maintenance capacity at the airport and are former employees of KONE. [*See* DE 6 at 5]. KONE argues that because Dunsmore and Lewis did not work at Blue Grass as mechanics close to the time of the incident, there is no reasonable basis for pleading them into the case. [DE 6 at 5].

4

Fraudulent joinder is an exception to the complete diversity requirement and applies when a non-diverse defendant was clearly named to avoid federal court. *In re Darvocet, Darvon and Propoxphene Prod. Liab. Litig.*, 889 F.Supp.2d 931, 936 (E.D. Ky. 2012)(citing *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). Plaintiffs may not join resident defendants in a state court case for the sole purpose of defeating federal diversity jurisdiction. *Id*. To prove what courts have doctrinally titled "fraudulent joinder," a removing party must present sufficient evidence that the plaintiff could not establish a cause of action against nondiverse defendants under state law. *Salisbury v. Purdue Pharm., L.P.*, 166 F.Supp.2d 546, 549 (6th Cir. 1994)(citing *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F.Supp. 2d 694, 695-96 (W.D. Ky. 2000)). If the claim against the non-diverse defendant has even a "glimmer of hope," there is no fraudulent joinder. *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F.Supp.2d 590, 597 (E.D. Ky. 2011)(citing *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)). The plaintiff's actual motive is irrelevant to this inquiry, although the test works as a "proxy for establishing the plaintiff's fraudulent intent." *In re Darvocet*, 889 F.Supp.2d at 936-37 (quoting *Smith v. SmithKline Beecham Corp.*, No. 11-56-ART, 2011 WL 2731262, at *5 (E.D. Ky. July 13, 2011)).

The removing party carries a heavy burden in pursuing a fraudulent joinder argument because the test requires federal courts to peruse the merits of a plaintiff's claim before knowing if it has jurisdiction to do so.[1] Federal courts risk running afoul of their limited jurisdiction in making that decision. Thus, as the Sixth Circuit has recognized, the Court "must resolve all disputed questions of fact and ambiguities in the controlling … state law in favor of the nonremoving party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *In re Darvocet*, 889 F.Supp.2d at 937 (quoting *Coyne*, 183 F.3d at 493)(internal quotation marks omitted). Although the Court may, where the complaint does not clearly answer the question, look to the pleadings under what would be close to a summary-judgment

---

[1] *See Murriel-Don Coal Co., Inc.*, 790 F.Supp.2d at 595. Judge Amul R. Thapar critiqued the fraudulent-joinder doctrine in this case, stating:

> Despite this ancient maxim that courts may not act without jurisdiction, the fraudulent-joinder inquiry requires them to do just that. The court must examine the plaintiff's claim against the non-diverse defendant— a claim over which it affirmatively lacks jurisdiction— and determine whether the allegations state a "colorable basis" for relief under state law.

This opinion accurately states the gravity of the issue before a federal Court in a fraudulent-joinder analysis. Although plaintiffs should not be allowed to play games with federal jurisdiction, state courts are well-equipped to judge the merits of a case and decide if claims against certain defendants are cognizable.

standard, it should be careful not to stray from the jurisdictional threshold question. *Id*.

In this case, the Plaintiffs allege general negligence and negligence per se under Kentucky tort law. Of course, the elements of negligence in Kentucky are as follows: a plaintiff must show that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; (3) a causal connection between the defendant's conduct and the plaintiffs damages; and (4) damages. *Patton v. Bickford,* 529 S.W.3d 432, 437 (Ky.App. 2001). Claims of negligence per se simply substitute Kentucky's common-law standard of care with a statutory standard of care. *Estate of Moloney v. Becker*, 398 S.W.3d 459 (Ky.Ct.App. 2013).

Additionally, Kentucky's pleading standard will apply in evaluating whether the Plaintiffs pleaded a colorable claim. *See In re Darvocet*, 889 F.Supp.2d at 940 ("It makes little sense to measure the state-law viability of such claims, which were originally filed in state court, by federal pleading standards."). Although Kentucky courts have moved in the direction of adopting the more stringent federal pleading requirements, they still apply a "notice pleading" standard, where the "central purpose of pleadings remains notice of claims and defenses." *Pete v. Anderson*, 413 S.W.3d 291, 301 (Ky. 2013)(quoting *Hoke v. Cullinan*, 914 S.W.2d 335, 339 (Ky. 1995)); *see also Red Hed Oil, Inc., v. H.T. Hackney Co.*, 292 F.Supp.3d 764, 771 (E.D. Ky. 2017). In fact, Kentucky

7

emphasizes "substance over form and discovery over pleadings." *V.S. v. Commonwealth, Cabinet for Human Res.*, 706 S.W.2d 420, 425-26 (Ky.Ct.App. 1986).

KONE notes that the Plaintiffs have not asserted any specific claims against Dunsmore and Lewis alone, but rather make claims against all Defendants. [DE 6 at 6]. The two individual Defendants do admit, however, that they worked on escalators as employees of KONE within five years of the accident.[2] The Plaintiffs thus believe that there could be a reasonable basis for recovery against Dunsmore and Lewis in their individual capacities.

Although these allegations are not riddled with detail, sufficient notice has been given of a colorable claim by Plaintiffs against the individual Defendants in this case. Plaintiffs allege that the Defendants jointly and individually had a duty to reasonably maintain the escalator through installation, maintenance, repair, upkeep, and inspection and failed to do so, violating Kentucky tort case law and state statutes. [DE 1-1 at 7]. Defendants' argument that Lewis and Dunsmore did not perform work on the specific escalator at issue on or near the date of the incident does not mean that their work as KONE employees could not have possibly caused the accident in this case. Further, Defendants

---

[2] The Plaintiffs allege that the accident occurred on April 29, 2018. Lewis stated in an affidavit for KONE that he left the company in April 2017. [DE 1-3 at 2]. Dunsmore stated he left KONE in August 2017. [*Id*. at 4].

have not provided any factual basis for its contention that because the Defendants had not worked for KONE in a while, their actions or inactions could not have possibly caused the accident. Because a reasonable claim exists under Kentucky substantive and procedural law, the Court cannot find that the individual Defendants Dunsmore and Lewis were fraudulently joined.

Finally, the Court declines to address the parties' arguments pertaining to the Louisville KONE entity because the individual Defendants destroy diversity regardless of either potential outcome of that issue.

### C. Conclusion

The parties to this case lack complete diversity, and thus, the Court has no subject-matter jurisdiction over the claims. Accordingly, **IT IS ORDERED** as follows:

(1) Roger and Carolyn Wells' motion to remand [DE 5] is **GRANTED**; and

(2) This action is **REMANDED** in its entirety to the Fayette Circuit Court.

This the 8th day of November, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge